WILBUR WELLS *vs.* JARVIS B. SMITH.

Relief in equity will not be granted against a judgment obtained at law upon a promissory note given solely for the purpose of testing, by a collusive action, whether the maker had any title in property held in trust for his wife.

BILL IN EQUITY, filed in the county of Bristol. The bill alleged that, in 1842, the wife of Wells was possessed of certain personal property, held in trust for her by Daniel Claflin, and that, in order to obtain a legal decision whether Wells had any right or interest in the same, Smith advised Wells to give him a promissory note, upon which Smith would commence an action against Wells, and summon Claflin as his trustee; and assured Wells that he should be put to no expense or trouble about the suit, and need not appear in court to answer to it, and that the note, or the judgment obtained upon it, should never be enforced against Wells, in case he should not succeed in establishing his right to the property; that Wells, relying upon these fraudulent assurances of Smith, and upon no other consideration whatever, gave him a promissory note, upon which Smith commenced a suit, and summoned Claflin as trustee; that Wells made no appearance, and was defaulted, but Claflin appeared, and denied his liability as trustee, and was finally discharged

by this court at October term 1843 in Bristol; [*Smith* v. *Wells,* 7 Met. 240;] that Smith then informed Wells that "the whole affair was dead," and never would cost or trouble him, and Wells acted upon this assurance; but that Smith fraudulently procured a judgment to be made up against Wells upon the note, and duly recorded, and, without attempting to collect it for fourteen years, or informing Wells thereof, commenced an action thereon in this court on the 8th of July 1856, and attached the real estate of Wells thereon, which suit was now pending; and that Smith threatened to file that judgment in set-off in an action commenced by Wells on the 30th of November 1855 on a promissory note given him by Smith for borrowed money, and now pending in the court of common pleas in Bristol. The bill prayed for an injunction and other relief.

The defendant demurred to the bill, because the plaintiff had a full, complete and adequate remedy at law; and also for want of equity.

The case was argued at Boston in January 1859.

*C. I. Reed,* for the defendant.

*E. H. Bennett,* for the plaintiff.

SHAW, C. J. The plaintiff, by his own showing, has no equity. He conspired with the defendant to bring a groundless action, in order to defeat the rights of his wife in certain trust property, under the false pretence that it was liable to attachment by his creditors, when the plaintiff in that action was not a creditor; and the whole of the proceeding was an abuse of legal process, and a fraud on the law.

*Bill dismissed.*